UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GENERAL ELECTRIC CAPITAL
CORPORATION,

        Plaintiff,

vs.                                          Case No. 8:12-cv-00100-T-27MAP

THE ESTATE OF ELVIRA NUNZIATA,
by and through RICHARD NUNZIATA,
Personal Representative,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Complaint for Declaratory Judgment (Dkt. 6). Defendant argues that the Complaint fails to allege the requisite "case or controversy" necessary to invoke federal subject-matter jurisdiction and, in the alternative, that the Court should exercise its discretion and decline to entertain Plaintiff's request for declaratory relief.

Plaintiff, General Electric Capital Corporation ("**GECC**"), filed a single count complaint for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. GECC seeks a judgment declaring that it is not liable for a state court default judgment entered in favor of Defendant against TransHealth Management Inc. ("**THMI**"). GECC's request for declaratory relief is based on emails it received from Defendant's attorney after the verdict against THMI was rendered, the substance of which GECC interprets as "threatening to hold GECC liable for the $200

million judgment." Complaint, ¶ 16.[1] Specifically, GECC contends that "Defendant's allegations against GECC are baseless" and seeks a declaration that it "is not liable for the default Judgment that Defendant obtained against THMI." Complaint, ¶¶ 27-28.

The Declaratory Judgment Act provides that a declaratory judgment may be issued only in the case of an "actual controversy." 28 U.S.C. § 2201; *see Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985).[2] Whether an actual case or controversy exists is determined on a case-by-case basis. *Hendrix v. Poonai*, 662 F.2d 719, 721–22 (11th Cir. 1981). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Stated another way, "a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Cone Corp. v. Florida Dep't of Transp.*, 921 F.2d 1190, 1205 (11th Cir. 1991)).

Thus, to invoke Article III subject matter jurisdiction under the Declaratory Judgment Act, GECC must allege not only a "substantial continuing controversy" between the parties, but facts

---

[1] According to the Complaint, Defendant's counsel sent a copy of the verdict against THMI to GECC's counsel and followed up with emails stating that "[g]iven today's $200 million verdict in the Nunziata case, I believe GECC should have great concern as to their liability for the judgment that will ensue" and accused GECC of "hinder[ing], delay[ing] and defraud[ing] the Nunziata client with respect to the judgment that will follow this verdict." Complaint, ¶ 16.

[2] "[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts but rather 'is operative only in respect to controversies which are such in the constitutional sense .... Thus the operation of the Declaratory Judgement Act is procedural only.'" *Wendy's Intern., Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

demonstrating a continuing controversy which is "real and immediate," rather than "conjectural, hypothetical, or contingent," and a "definite, rather than speculative threat of future injury." *Malowney*, 193 F.3d at 1347 (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)). The facts existing at the time the complaint is filed are determinative. *Household Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003).

GECC contends that an actual controversy exists because Defendant has "threatened" to hold GECC liable for the underlying judgment against THMI, pointing out that Defendant's counsel sought recovery against GECC on behalf of a different client in an unrelated post-judgment proceeding commenced under Section 56.29, Florida Statutes (*i.e.*, the Florida statute governing post-judgment proceedings supplementary).[3] That single, unrelated instance, however, demonstrates neither a history between GECC and this Defendant, a "substantial continuing controversy" between the parties, nor a substantial likelihood of future injury.

Since there is no history between these parties, and the post-judgment supplementary proceedings feared by GECC have not occurred, it must be determined whether there is a "practical likelihood" that Defendant will commence post-judgment supplementary proceedings against GECC in the future. *See GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1569 (11th Cir. 1995). While the possibility of future liability may in some instances be sufficient to

---

[3] Section 56.29 provides a summary equitable remedy that allows a judgment creditor to follow and retrieve money that a judgment debtor passed to a third party. *Young v. McKenzie*, 46 So.2d 184, 185 (Fla. 1950). The statute authorizes a judgment creditor holding an unsatisfied judgment to initiate "proceedings supplementary to execution" in which the creditor may obtain an order applying assets of the judgment debtor in the hands of third parties toward the satisfaction of the judgment debt. The statute expressly contemplates that assets of the judgment debtor which have been gifted, transferred, assigned or otherwise conveyed by the debtor "to delay, hinder or defraud creditors" be seized and applied to satisfy the judgment. *See* Fla. Stat. § 56.29(6)(b). The scope of Section 56.29 post-judgment proceedings could range from fairly innocuous document production and discovery to full blown adversarial proceedings in which the judgment creditor attempts to reach assets of the judgment debtor it believes were fraudulently transferred to a third party in anticipation of the judgment.

establish an actual case or controversy for purposes of the Declaratory Judgment Act (*i.e.*, insurance coverage disputes), the implied threat in the emails from Defendant's counsel (together with counsel's conduct *vis-á-vis* GECC in an unrelated proceeding) fails to demonstrate a sufficiently high practical likelihood that Defendant will actually initiate post-judgment proceedings against GECC, or that GECC will suffer a definite, as opposed to speculative, harm. As such, GECC has failed to demonstrate a substantial controversy of sufficient immediacy that would constitute a real "case or controversy" for jurisdictional purposes. While it certainly is possible that Defendant will initiate post-judgment supplementary proceedings against GECC, that is not to say that the practical likelihood of it happening is great enough to create a "case or controversy."

Indeed, if the facts describing the lack of legal relationship between GECC and THMI alleged in paragraphs 17 through 23 of the Complaint are accurate, one can only reasonably conclude that the practical likelihood of post-judgment supplementary proceedings is simply not calculable, let alone demonstrably likely.[4] Similarly, taking the allegations in paragraph 17 of the Complaint at face value, a lawyer merely stating that "GECC should have great concern as to their liability for the judgment that will ensue" is not sufficiently definite to constitute a "real and immediate" threat of injury. And, as noted, it certainly does not demonstrate a "continuing controversy" between the parties, considering that there is no history between these parties, only an unrelated proceeding initiated against GECC by the same lawyers who also happen to represent this Defendant.

In sum, the facts alleged in the Complaint merely demonstrate a potential controversy between the parties, rather than a "real," "definite," and "immediate" one. *Cone Corp.*, 921 F.2d at

---

[4] Moreover, this is not a situation where, absent declaratory relief, GECC would be forced to risk violating a law or breaching a contract before an action could accrue. *Compare GTE Directories*, 67 F.3d at 1568-69 (noting that absent declaratory relief plaintiff would be forced to subject itself to potential liability).

1205. Accordingly, this Court concludes that the mere possibility that Defendant *may* initiate supplementary collection proceedings in state court against GECC at some indeterminate point in the future is not sufficient to satisfy the "actual controversy" requirement for jurisdiction under Article III and the Declaratory Judgment Act. *See Malowney*, 193 F.3d at 1347 ("The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments.").

Alternatively, assuming the existence of an actual case or controversy between GECC and Defendant, the unusual, if not exceptional, circumstances of this case provide ample justification for declining to exercise jurisdiction, notwithstanding the district court's "virtually unflagging obligation ... to exercise the jurisdiction given them" and that abstention "is the exception, not the rule." *Cormier v. Green,* 141 Fed. Appx. 808, 812 (11th Cir. 2005) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817-18 (1976)).

First, there is no obligation for this Court to exercise subject-matter jurisdiction in this action merely because GECC seeks declaratory relief in a federal forum. *See 31 Foster See Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) (" But 'virtually' is not 'absolutely,' and in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings.") (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)). The Declaratory Judgment Act grants federal courts "competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)). "Consistent with the "nonobligatory nature of the remedy, a district court is authorized, in the sound

exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment ... ." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Second, it is apparent that any state court litigation between the parties would necessarily be limited to proceedings supplementary under Section 59.29, Florida Statutes, as opposed to some new, independent cause of action. By definition, Section 56.29 proceedings can only be commenced in the same state court action in which Defendant obtained the default judgment against THMI. *See Zureikat v. Shaibani*, 944 So.2d 1019, 1022 (Fla. 5th DCA 2006) (Section 56.29 describes a "procedure by which a person holding an unsatisfied execution could initiate proceedings supplementary to execution"). Significantly, for purposes of determining whether to exercise subject-matter jurisdiction, Section 56.29 proceedings are *not* considered an independent cause of action. *Id.* ("Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing; they are not independent causes of action."). Rather, such proceedings are necessarily a continuation of the earlier action which resulted in the unsatisfied judgment.

In summary, Section 56.29 proceedings can only be initiated in a state court case in which a final judgment has been obtained, and cannot, as a matter of Florida law, be filed independently of that underlying action. As a practical matter, therefore, when this declaratory action was filed, there was a pending state court proceeding from which the anticipated Section 56.29 proceedings

would spring.[5] Accordingly, the proceedings supplementary that GECC fears could only be commenced in conjunction with the continuation of the underlying action brought by Defendant against TMHI, albeit in a post-judgment setting. Practical considerations and wise judicial administration therefore persuade this Court to decline to exercise jurisdiction over what would essentially be a continuation of the pending state court proceeding.

Third, and most significantly, the declaratory relief Plaintiff seeks in federal court, if granted, would interfere with, if not effectively enjoin, the state court's exercise of its statutory authority to enforce its judgment. Under these unusual circumstances, therefore, abstaining from exercising Article III jurisdiction is also appropriate. *See Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (no abuse of discretion in abstaining from exercising jurisdiction where effect of declaratory relief sought would enjoin state court from enforcing wrongful death judgment against insured and from entertaining subsequent state action brought by judgment creditor against insured's insurer); *see also Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (principles of *Younger* apply to declaratory judgments that would effectively enjoin state proceedings).

Undoubtedly, Florida has a substantial interest in enforcing judgments entered in its courts. *See Cormier*, 141 Fed. Appx. at 813 (noting that Georgia "has substantial interest in enforcement

---

[5] The supplementary posture of Section 56.29 proceedings therefore is distinguishable from the situation where a district court abstains in deference to a nonexistent, or yet to be filed, state court proceeding. In that circumstance, it would be an abuse of discretion to abstain and dismiss an action in deference to a state court proceeding which does not yet exist. *See Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("It is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist."). *But cf. Medical Assur. Co., Inv. v. Hellman*, 610 F.3d 371, 378-379 (7th Cir. 2010) (recognizing that discretion under the Declaratory Judgment Act does not turn on the existence of parallel proceedings); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003) ("The lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action").

of all of the orders of its courts, ... and an especially strong interest in enforcement of ... judgments"). And it cannot be shown that the state court proceedings are less than adequate to determine GECC's liability for the default judgment held by Defendant against THMI. Accordingly, the three components of discretionary abstention are met: (1) there are pending state proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

An additional factor also weighs in favor of abstention and against the Court exercising its discretion under the Declaratory Judgment Act to consider GECC's request for relief. It is readily apparent that GECC filed this federal declaratory action to avoid what it considers a likelihood of being impleaded into post-judgment proceedings in state court – proceedings that would not be removable under 28 U.S.C. § 1441(a). As discussed, a Section 56.29 proceeding is supplemental to the underlying case in which the unsatisfied judgment was obtained, and does not constitute an independent cause of action. *Zureikat*, 944 So.2d at 1022. Accordingly, Section 56.29 proceedings are not removable, as such proceedings could not have originally been brought in federal court as an independent action. *Estate of Jackson v. Ventas Realty, Ltd. Partnership,* 812 F.Supp.2d 1306, 1311 (M.D. Fla. 2011) ("Because a judgment creditor cannot initiate in the district court a supplemental proceeding under Section 56.29 to enforce a Polk County circuit court judgment, that is, because a Section 56.29 action is not within the 'original jurisdiction' of the district court under Section 1441(a), a defendant cannot remove a Section 56.29 supplemental proceeding to federal court, notwithstanding the presence of both jurisdictional amount and complete diversity of citizenship."); *cf. Estate of Jackson v. Trans Health Management, Inc.*, No. 8:10-cv-2937-T-

33TGW, 2011 WL 4345315, at *4 (M.D. Fla. Sept. 16, 2011) (remanding supplemental proceeding brought under Section 56.29 after finding "exceptional circumstances" supported abstention in favor of pending state court proceeding).[6] It is apparent, therefore, that GECC has filed this action in a transparent attempt to accomplish what Defendant characterizes as a "backdoor removal" of the anticipated Section 56.29 proceedings. *See Clark Const. Group, LLC v. Travelers Excess & Surplus Lines Co.,* 470 F.Supp.2d 1350, 1353 (M.D. Fla. 2006).[7]

GECC's argument that it is "not seeking to litigate a § 56.29 proceeding in this Court" is disingenuous.[8] Indeed, as discussed, in attempting to demonstrate a history of similar conduct between the parties in support of its contention that an actual case and controversy exists, GECC points out that Defendant's *counsel* initiated post-judgment proceedings under Section 56.29 against GECC on behalf of a third party in an unrelated but strikingly similar case. *See* Opposition to Motion to Dismiss (Dkt. 12), p. 5. Moreover, GECC's contention that it is exposed to liability by way an action independent of Section 56.29 is not persuasive. It cannot be seriously disputed that

---

[6] *Compare Webb v. Zurich Ins. Co.,* 200 F.3d 759, 760 (11th Cir. 2000) (garnishment proceeding removable as "separate and independent cause of action"); *Butler v. Polk,* 592 F.2d 1293, 1295 (5th Cir. 1979) (removal of garnishment action proper because "garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action").

[7] As GECC is aware, at least two Judges in the Middle District of Florida recently remanded actions under Section 56.29 on the ground that a federal court lacked, or should abstain from exercising, jurisdiction over those supplemental state court proceedings. *See Estate of Jackson v. Trans Health Management, Inc.,* No. 8:10-cv-2937-T-33TGW, 2011 WL 4345315 (M.D. Fla. Sept. 16, 2011); *Estate of Jackson v. Ventas Realty, Ltd. Partnership,* 812 F.Supp.2d 1306 (M.D. Fla. 2011).

[8] GECC's contention that this action is not a mirror image of potential proceedings under Section 56.29 is questionable, at best, because it ignores the fact that the "additional" issues GECC purportedly seeks to resolve in this declaratory action (*i.e.,* whether GECC exercised control over, or engaged in a conspiracy to drain the assets of, the judgment debtor) are necessarily related to whether GECC received a fraudulent transfer from THMI, which could subject it to liability under Section 56.29. *See Ventas Realty, Ltd.,* 812 F.Supp.2d at 1310 (noting allegations of a scheme to defraud and conspiracy were not intended to state causes of action for either civil conspiracy or fraud but, rather, to explain to the circuit court why an identifiable asset in the hands of the impleaded party is an asset of the judgment debtor collectable by the estate under Section 56.29).

the principal recourse a judgment creditor has in Florida to collect an unsatisfied judgment from a third party is to bring proceedings supplementary under Section 56.29.

In short, the purported controversy identified by GECC involves state law issues rather than federal law and, absent the Declaratory Judgment Act, would fall outside the original jurisdiction of the federal courts. Entertaining GECC's request for declaratory relief would not only deprive Defendant of a state court forum (and effectively enjoin the state court from enforcing the underlying judgment), but would also countenance GECC's attempt to use the Declaratory Judgment Act to invoke federal jurisdiction over state enforcement proceedings as to which this Court lacks original, supplemental, and removal jurisdiction. Thus, to the extent an actual controversy exists sufficient to establish Article III jurisdiction, the Court declines to exercise such jurisdiction under the Declaratory Judgment Act for the reasons discussed.

Accordingly, Defendant's Motion to Dismiss Complaint for Declaratory Judgment (Dkt. 6) is **GRANTED**. This action is **DISMISSED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 3rd day of May, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record